UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____22-mj-03069-AOR_____

UNITED STATES OF AMERICA
v.
YOUANNY CUETO,
REINALDO BARBOSA GUEBARA,
and CARLOS GUZMAN,
Defendants
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:   *Marc Chattah*
Marc Chattah
Assistant United States Attorney
FL Bar No.        27586
99 N.E. 4th Street
Miami, Florida 33132
Tel: (561) 632-3712
Email: marc.chattah@usdoj.gov

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>YOUANNY CUETO,<br>REINALDO BARBOSA GUEBARA,<br>and CARLOS GUZMAN,<br>Defendant(s) | Case No. 22-mj-03069-AOR |

## COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about __June 2, 2022__, upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA TFO Lewis Hosch
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 6/17/22

_____
Judge's signature

City and state: Miami, Florida

Alicia M. Otazo-Reyes, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Lewis Hosch, being duly sworn, hereby depose and state the following:

1. I am employed as a Detective with the City of Homestead Police Department and have served in this capacity since January 2005. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2019. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21, and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as information obtained from others. This Affidavit is submitted for the limited purpose of establishing probable cause in support of a Criminal Complaint against **YOUANNY CUETO**, **REINALDO BARBOSA GUEBARA**, and **CARLOS GUZMAN** for conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

3. On or about June 02, 2022, a Customs and Border Protection (CBP) Maritime Patrol Aircraft (MPA) detected a go-fast vessel ("GFV") operating approximately 108 nautical miles

northwest of Oranjestad, Aruba in international waters upon the high seas. The GFV had three persons on board, one outboard motor, no visible indicia of nationality, and fuel barrels and packages on deck consistent with maritime drug smuggling. Suspecting the GFV of smuggling drugs, District 7 issued a Statement of No Objection and authorization was given to employ Airborne Use of Force ("AUF") and Surface Use of Force ("SUF") including warning shots and disabling fire for a Right of Visit boarding. HNMLS GRONINGEN with embarked United States Coast Guard ("USCG") Law Enforcement Detachment ("LEDET") 109 Airborne diverted to investigate. Once in the vicinity, HNLMS GRONINGEN launched their helicopter and two boats to intercept the GFV. The GFV was non-compliant vessel and members of the GFV began jettisoning bales from the GFV. Boat 2 arrived on scene and recovered the jettisoned bales. The helicopter crewmembers employed warning shots, which were effective and the GFV became compliant. Once the GFV was dead in the water, Boat 1 arrived on scene, and commenced a right of visit boarding of the GFV.

4. During the right of visit questioning, YOUANNY CUETO identified himself at the master of vessel. YOUANNY CUETO made a verbal claim of Dominican nationality for the vessel and himself. Crewmember CARLOS GUZMAN claimed Colombian nationality for himself. Crewmember REINALDO BARBOSA GUEBARA claimed Dominican nationality for himself. District 7 enacted the ship boarding provision of the U.S./Dominican Republic Bilateral Agreement and commenced forms exchange to confirm the vessel registration.

5. The USCG contacted the Government of the Dominican Republic, and the Government of the Dominican Republic could neither confirm nor deny the registration of the vessel. Based on the Government of the Dominican Republic's response, the USCG treated the vessel as a vessel without nationality and, therefore subject to the jurisdiction of the United States.

6. The boarding team conducted two (2) Nik field tests on the bales, which yielded positive results for cocaine. HNLMS GRONINGEN reported an at-sea weight of 630 kilograms of cocaine. HNLMS GRONNIGEN reported that due to increasing sea state, the GFV became swamped and sank in position.

7. Based on the foregoing facts, I submit that probable cause exists to believe that **YOUANNY CUETO, REINALDO BARBOSA GUEBARA, and CARLOS GUZMAN.** conspired to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*[signature]*
LEWIS HOSCH
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __17th__ day of June 2022.

*[signature]*
HONORABLE ALICIA M. OTAZO-REYES
UNITED STATES MAGIUSTRATE JUDGE